## CHRISTOPH HALTENHOF

### v.

## CAROLINE HALTENHOF.

*Divorce—Desertion—Issue—Practice—Former Adjudication.*

Upon a bill for divorce this court reverses the decree of the court below on the ground that an issue, other than that presented by the pleadings, was tried.

[Opinion filed January 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMISON, Judge, presiding.

Mr. H. B. B. WICKERSHAM, for appellant.

Mr. P. L. O'MEARA, for appellee.

MORAN, P. J. In this case appellant filed his bill for divorce against appellee, alleging that in August, 1881, she deserted him without just cause. To this bill appellee filed a plea setting up in substance that, on September 22, 1883,

Haltenhof v. Haltenhof.

appellant had filed a bill for divorce against her in the Circuit Court alleging desertion; that she answered said bill denying such desertion; that said cause was heard upon the merits upon evidence introduced by both sides, and that upon said hearing the court dismissed said bill for want of equity, which decree of the court appears on record and that the desertion was the same as alleged in this bill. Thereupon appellant amended his bill and alleged a desertion on or about January 4, 1884, and appellee amended her plea, alleging that said former suit was pending at the time of the desertion alleged in the amended bill, and that the desertion alleged in the amended bill is the same desertion in said former bill alleged.

To this plea appellant replied, denying that the present bill was for the same desertion in the former bill mentioned. On the hearing the court dismissed the bill for want of equity. The issue made up for the court to try was simply the truth of the plea, *i. e.*, whether the desertion for which the complainant was now suing was the same desertion set up in the former bill, and which was determined against defendant in the former decree.

So far as we can ascertain from the record, this issue was not regarded at all on the hearing, but the case proceeded upon the inquiry whether there was a desertion in August, 1881. Complainant by his evidence sought to prove that there was such desertion, and appellee by her evidence sought to justify the separation which then took place. Manifestly there was no such issue for the court to try. The former suit, if it was prosecuted to decree of dismissal as alleged in the plea, determined finally between the parties the question of whether the separation in 1881 was a justifiable separation or a wilful desertion on the part of the wife, and on well settled principles the parties to that suit would not be permitted to re-try that issue.

But we do not find from the certificate of evidence that any pleadings or decree in the alleged former suit were introduced in support of the plea, or that any effort was made by the appellee to prove that there was a former suit, or what was the subject-matter of it.

An issue not presented by the pleadings seems to have been tried, and the issue made, seems to have been ignored. In this state of the record we can not intelligently pass on the merits of the question attempted to be presented.

There must be some attempt in practice to try the case on the issue presented by the pleadings, and that issue ought to be brought to the court's attention by counsel. We can do no otherwise in this case than to reverse and remand it for a hearing and decree on the issue as made.

*Reversed and remanded.*